**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

                Plaintiff,                  CRIMINAL ACTION

v.                                        Case No. 13-cr-20051-01-KHV

WILLIAM D. MITCHELL,

                Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on three motions. Through counsel, Defendant William D. Mitchell has filed a Motion for Brady Material (ECF No. 47). Mitchell moves pursuant to *Brady v. Maryland* and *Giglio v. United States* for an order to the Government to produce six categories of material. The Government opposes this motion as moot. Mitchell has also filed two motions for relief pro se. The first pro se motion (ECF No. 58) is untitled and asks the court for an explanation of the law and for a copy of the Grand Jury transcripts. The second pro se motion is titled Motion for Omnibus Hearing Ex Parte (ECF No. 57) and requests that Mitchell be shown all discovery in the possession of his attorney. For the reasons set forth below, the Court concludes that the Motion for Brady Material should be denied as moot, the pro se Motion for Omnibus Hearing Ex Parte should be denied as moot, and the first pro se motion should be stricken as disallowed hybrid representation.

## I.  PROCEDURAL HISTORY

Defendant Mitchell is charged in Count 1 with conspiracy to distribute cocaine base, in Counts 2 and 3 with possession with the intent to distribute cocaine base, and in Count 4 with use of a telephone to facilitate the offense alleged in Count 1.[1]

On November 7, 2013, Mitchell filed his Motion for Brady Material. On November 19, 2013, Mitchell filed his first pro se motion in the form of an untitled letter to the judge requesting an

---

[1] *See* Superseding Indictment (ECF No. 60).

explanation of the law and an order to the government to produce a copy of the Grand Jury transcripts. On November 25, 2013, Mitchell filed his second pro se motion, titled Motion for Omnibus Hearing Ex Parte. On November 26, 2013, District Judge Vratil referred the Motion for Brady Material to the undersigned Magistrate Judge. On November 27, 2013, the government filed its Consolidated Response (ECF No. 55) to the Motion for Brady Material. On December 3, 2013, Judge Vratil referred the pro se Motion for Omnibus Hearing Ex Parte to the undersigned Magistrate Judge. On December 10, 2013, Judge Vratil referred the untitled first pro se motion to the undersigned Magistrate Judge. The Court is now ready to rule on the motions.

## II.     MOTION FOR BRADY MATERIAL

Pursuant to *Brady v. Maryland* and *Giglio v. United States*, Mitchell moves for material in the government's possession to be produced at the earliest time.[2]  Specifically, Mitchell requests the following six categories of information as it relates to the government's witnesses or of which the government has knowledge:

1. Any deals, inducements, plea bargains or otherwise favorable treatment;
2. Any other cases on which the witness is cooperating with the government including the name of the case and the cooperation being offered in the parallel case;
3. Any inconsistent statements, denials, recantations, vacillations or uncertainty in the recollection of facts as has been related to the government its agents or any other person known to the government;
4. Any witness or evidence that calls into question the veracity or reliability of any other witness;
5. Any information setting out the results or indication of GPS or other electronic device monitoring whether the government intends to use the same at trial or not; and
6. Any other evidence to be divulged under *Brady* and *Giglio* and its progeny.

The government responds that it has already been ordered to produce 5 of the 6 categories under Pretrial Order No. 1, and that its deadline for production has not yet passed. As to the remaining category, the government states that it is in the process of producing the requested materials. As a result, the government argues that the motion is moot.

---

[2] *Brady*, 373 U.S. 83 (1963); *Giglio*, 405 U.S. 150 (1972).

In this matter, Pretrial Order No. 1, entered on May 15, 2013, orders the government to:

> comply with the Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) (duty to produce all evidence, whether favorable or unfavorable, that's material to either guilt or punishment), and *Giglio v. United States*, 405 U.S. 150 (1972) (duty to produce evidence bearing on credibility of witnesses), and the progeny of *Brady* and *Giglio*.[3]

The Order further states that "a specific request by the defendant or the government is *not* necessary to trigger the operation of" these decisions."[4] The Order requires the government to disclose the following specific *Giglio* evidence:

1. Any evidence tending to show threats, promises, payments, or inducements made by the government or any of its agents that would bear upon the credibility of any government witness.
2. Any statement of any government witness that is inconsistent with a statement by the witness that led to the indictment in this case.
3. Any statement of any government witness that the attorney for the government knows or reasonably believes will be inconsistent with the witness's testimony at trial.
4. Any prior conviction of any government witness that involved dishonesty or false statement or for which the penalty was death or imprisonment in excess of one year under the law under which he or she was convicted.
5. Any pending felony charges against any government witness.
6. Any specific instances of the conduct of any government witness that would tend to show character for untruthfulness.[5]

Additionally, the deadlines for these required disclosures are set forth in the Order and those deadlines have not yet passed.

Upon review of the six categories of information requested in the motion, the Court finds that categories 1-4 and 6 are included in the *Brady/Giglio* evidence which the government has already been ordered to disclose under Pretrial Order No. 1. Further, the deadlines for disclosure of these materials have not yet passed. As for the information requested by Mitchell in category 5, "(a)ny information setting out the results or indication of GPS or other electronic device monitoring whether the government intends to use the same at trial or not," the government states in its response that "it is in the process of

---

[3] Pretrial Order No. 1 at 7 (ECF No. 15).

[4] *Id.*

[5] *Id.* at 9-10

turning over" said information. As a result, the Court concludes that the Motion for Brady Material should be denied as moot.

## III.    DEFENDANT'S TWO PRO SE MOTIONS

Mitchell has personally filed two motions for relief pro se. The first motion (ECF No. 58), filed on November 19, 2013, is in the form of an untitled letter to the judge and asks the court for an explanation of the law and for a copy of the Grand Jury transcripts. The second motion, filed on November 25, 2013, is titled Motion for Omnibus Hearing Ex Parte (ECF No. 57) and requests that Mitchell be shown all discovery in the possession of his attorney.

By filing these motions pro se, Mitchell appears to be engaging in hybrid representation, partly by himself and partly by his attorney. A defendant has a right to represent himself or to be represented by an attorney, but "no right to hybrid representation exists."[6] Whether to allow pro se filings made by represented defendants is a matter within the discretion of the court.[7] The court must balance the individual's freedom of choice against the need to ensure the orderly proceedings essential to a fair trial.[8] Rarely will the interests of justice be served by a defendant's supplementation of the legal services provided by his counsel.[9]

Upon review, the Court declines to consider the first pro se motion (ECF No. 58) requesting the court's advice as to the evidence necessary for indictment in his case and an order to the government to produce Grand Jury transcripts. Mitchell is requesting legal advice, which the Court cannot provide. Further, Mitchell requests discovery from the government with no showing of any compliance with the rules for discovery. Thus, it does not appear that Mitchell's pro se efforts are serving the interests of justice and in fact, appear to be interfering with and delaying the orderly conduct of these proceedings.

---

[6] *U.S. v. Hill*, 526 F.2d 1019, 1024 (10th Cir. 1975).

[7] *Id.* at 1025; *U.S. v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976).

[8] *U.S. v. Swinton*, 400 F.Supp. 805, 806 (S.D.N.Y. 1975).

[9] *Id.* (*citing Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958)).

As a result, the Court will not allow this pro se motion as it is hybrid representation and concludes that it should be stricken.

In the second pro se motion, titled Motion for Omnibus Hearing Ex Parte, Mitchell seeks an order "for discovery from Defense Counsel."  As this motion appears to address a conflict between Mitchell and his attorney, the Court will consider it.  A review of the docket in this matter shows that Mitchell has requested the same relief, to see the discovery in his case, two times previously.[10]  Further, the Court held hearings on both of Mitchell's earlier motions.  Per the Minute Entries for the two prior hearings, the first request was denied, and the second request was denied as moot.[11]  Because Mitchell is requesting relief that has been heard and denied twice previously, the Court concludes that the Motion for Omnibus Hearing Ex Parte should be denied as moot.

**IT IS THEREFORE ORDERED** that the Motion for Brady Material (ECF No. 47) is denied as moot.

**IT IS FURTHER ORDERED** that the (pro se) Motion for Omnibus Hearing Ex Parte (ECF No. 57) is denied as moot and the (pro se) Motion for Miscellaneous Relief and Information (ECF No. 58) is stricken as disallowed hybrid representation.

**IT IS SO ORDERED.**

Dated this 15th day of January, 2014, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

---

[10] *See* (Pro Se) Mot., July 2, 2013 (ECF No. 28) ("Conflict #3; I need to see my discovery as soon as possible."); (Pro Se) Mot. for Ineffective Assistance of Counsel, July 25, 2013 (ECF No. 33) ("Conflict #3; I need to see my discovery as soon as possible.").

[11] See Min. Entry, July 8, 2013 (ECF No. 30); Min. Entry Aug. 6, 2013 (ECF No. 37).