**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM D. MITCHELL, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 13-20051-CM |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion To Suppress Evidence (Doc. #48) filed November 7, 2013, which the Court referred to Magistrate Judge David J. Waxse for a report and recommendation. On January 15, 2014, Judge Waxse recommended that the Court deny the motion. See Report And Recommendation (Doc. #71). On January 23, 2014, defendant filed an objection to the report and recommendation. See Defendant's Objection To The Report And Recommendation Filed By The Magistrate ("Defendant's Objection") (Doc. #77). For reasons stated below, the Court overrules defendant's objection, adopts the report and recommendation and overrules defendant's motion to suppress.

## Legal Standards

The Court reviews de novo any part of the magistrate judge findings or recommendations to which an objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court may accept, reject or modify in whole or in part the findings or recommendations made by the magistrate judge. Id. Also, the Court may receive further evidence or return the matter to the magistrate judge with instructions. Id.

## Procedural Background

On May 8, 2013, a grand jury charged defendant with conspiring to distribute and possess with intent to distribute more than 280 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) and 21 U.S.C. § 846 (Count 1); distributing a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2 and 3); and using a telephone in committing, causing and facilitating the conspiracy set forth in Count 1, in violation of 21 U.S.C. § 843(b) (Counts 4 and 5). See Indictment (Doc. #1) filed May 8, 2013.

On November 7, 2013, defendant filed a motion to suppress evidence, asserting that police officers unlawfully attached a Global Positioning Satellite ("GPS") electronic tracking device to his vehicle without a search warrant. See Defendant's Motion To Suppress Evidence (Doc. #48). On November 26, 2013, the Court referred the motion to Magistrate Judge David J. Waxse for a report and recommendation.

On December 23, 2013, Judge Waxse held an evidentiary hearing at which seven witnesses testified on behalf of the government. See Witness List attached to Minute Entry (Doc. #64). No witnesses testified on behalf of defendant. Id. After considering the evidence, Judge Waxse found that at the time police officers attached the GPS device to defendant's vehicle, they had probable cause to believe that defendant was using the vehicle to transport illegal drugs from Kansas City, Kansas to Lawrence, Kansas. See Report And Recommendation (Doc. #71) at 5. Judge Waxse found that even if the police were required to obtain a warrant before attaching the GPS device, the good faith exception to the exclusionary rule applied. Id. at 5-7. Specifically, Judge Waxse found that at the time the police attached the GPS device, although the Tenth Circuit had not decided the issue, the majority of federal circuit courts of appeal had held that attaching a GPS device to a

vehicle did not constitute a search under the Fourth Amendment and thus did not require a warrant. See id. at 6. Judge Waxse concluded that under the circumstances, it was objectively reasonable for police officers to believe that a warrant was not necessary. See id. at 6-7.

## Analysis

Defendant objects to the magistrate judge ruling, asserting that (1) police officers did not have probable cause to attach the GPS device to defendant's vehicle; (2) even if officers had probable cause, they were required to obtain a warrant before attaching the GPS device; and (3) under the circumstances, the good faith exception to the exclusionary rule should not apply. See Defendant's Objection (Doc. #77) at 2-4.

**I.  Whether Officers Had Probable Cause To Believe That Defendant Was Using His Vehicle To Transport Illegal Drugs**

As noted, Judge Waxse found that at the time police officers attached the GPS device to defendant's vehicle, they had probable cause to believe that he was using the vehicle to transport illegal drugs from Kansas City, Kansas to Lawrence, Kansas. See Report And Recommendation (Doc. #71) at 5. Defendant asserts that the evidence does not support this conclusion. See Defendant's Objection (Doc. #77) at 2.

At the suppression hearing, government witnesses testified to the following facts: On September 9, 2011, after being arrested on drug charges, the CI stated that he planned to deliver the cocaine in his possession to defendant, who had already paid for it. See Transcript Of Motion To Suppress Hearing Before The Honorable David Waxse, United States Magistrate Judge ("Transcript") (Doc. #85) filed February 13, 2014 at 55:8-20. From jail, the CI made a telephone call to defendant to establish that defendant would still conduct transactions with the CI. Id. at 56:5-16. The CI and defendant talked in code indicating that they were "still good." Id. at 58:17-19. The

conversation indicated that the CI did in fact have a relationship with defendant, and the officers arranged to have the CI set up controlled buys with defendant. Id. at 59:12-24. On September 20, 2011, at the officers' direction, the CI called defendant to arrange a buy to occur that night in the parking lot of a CVS store in Lawrence. Id. at 60:2-61:12. Defendant did not show up, but the CI was able to contact him by telephone. Id. at 61:24-62:9. Defendant stated that he would meet the CI at another location in Lawrence and sell him drugs there. Id. at 62:9-13. The CI had an undercover police officer in the car with him, and defendant seemed nervous about meeting new people. Id. at 101:6-17. Over a body wire which was attached to the CI, officers heard conversations in which the CI told defendant that he was "trying to grab two," which in common drug lingo referred to two eight-balls of crack cocaine. Id. at 90:17-91:6; 91:18-21; 105:6-8. Also, the CI referred to whether he had enough "bread," i.e. money to pay for the drugs. Id. at 92:15-25.

When the CI went to the new location with undercover officers, defendant was not there. Id. at 63:11-12. The CI called defendant and defendant stated that he had been stopped by a uniformed police officer and that the encounter had spooked him so he left the area. Id. at 63:12-22; 106:14-19. Defendant stated that it was too late to do the buy that night, because he had to work the next day and would need to drive to Kansas City to pick up the drugs. Id. at 63:25-64:5; 106:20-23. Defendant agreed to do it the next day, but the CI had prior plans so they did not make arrangements to meet the next night. Id. at 64:6-18. Later that evening, police officers located defendant's vehicle in Lawrence and attached a GPS device to it. Id. at 64:22-65:4. The officers did not obtain a warrant before doing so. Two days later, on September 20, defendant delivered cocaine base to the CI. Id. at 68:18-21.

Defendant asserts that the police had no reasonable basis to believe that the CI was reliable

and that the remaining evidence, standing alone, did not establish probable cause.[1] Defendant's Objection (Doc. #77) at 2. The Court disagrees. The circumstances surrounding the CI's conversations with defendant gave officers reasonable grounds to believe that his information regarding defendant's involvement in drug sales was reliable. Specifically, the officers heard conversations between the CI and defendant which indicated that (1) the CI did in fact have a relationship with defendant; (2) the CI and defendant discussed terms which indicated that defendant intended to sell drugs to the CI; (3) defendant appeared willing to meet the CI but seemed spooked about meeting new people and by his encounter with a uniformed police officer; and (4) defendant would need to collect money from the CI and drive to Kansas City to retrieve the drugs and bring them back to Lawrence. Based on these facts, the officers had probable cause, i.e. reasonable grounds to believe that defendant was using his vehicle to transport illegal drugs from Kansas City to Lawrence.

## II. Whether Officers Were Required To Obtain A Warrant Before Attaching GPS Device To Defendant's Vehicle

Defendant asserts that even if the officers had probable cause, they were required to obtain a warrant before attaching a GPS device to his vehicle. At the time that the officers attached the GPS device, the law did not clearly impose such a requirement. To the contrary, case law by the United States Supreme Court and the majority of federal circuit courts of appeal indicated that a warrant was not necessary. See United States v. Knotts, 460 U.S. 276, 285 (1983) (use of electronic

---

[1] The probable-cause standard deals with probabilities and depends on the totality of the circumstances; it is not capable of precise definition or quantification into percentages. See Maryland v. Pringle, 540 U.S. 366, 371 (2003) (citations omitted). The substance of all definitions of probable cause is a "reasonable ground for belief of guilt." Brinegar v. United States, 338 U.S. 160, 175 (1949). The belief of guilt must be particularized with respect to the person to be searched or seized. Pringle, 540 U.S. at 371 (citing Ybarra v. Illinois, 444 U.S. 85, 91 (1979)).

beeper inside five-gallon drum not search within meaning of Fourth Amendment); United States v. Hernandez, 647 F.3d 216, 220-21 (5th Cir. July 18, 2011) (use of GPS device to track defendant's movements over single cross-country trip not search governed by Fourth Amendment); United States v. Cuevas-Perez, 640 F.3d 272, 272-76 (7th Cir. April 28, 2011) (warrantless use of GPS device did not violate defendant's Fourth Amendment rights), vacated, 132 S. Ct. 1534 (2012); United States v. Marquez, 605 F.3d 604, 609-10 (8th Cir. 2010) (stating in dicta that electronic monitoring of person traveling via automobile on public streets is not search under Fourth Amendment); United States v. Garcia, 474 F.3d 994, 995-98 (7th Cir. 2007) (use of GPS device to track vehicle's movement not search within meaning of Fourth Amendment). Only the District of Columbia Circuit had ruled otherwise. See United States v. Maynard, 615 F.3d 544, 560-66 (D.C. Cir. 2010) (extensive GPS monitoring of subject's movements over course of month constituted search within meaning of Fourth Amendment), aff'd in part, United States v. Jones, 132 S. Ct. 945 (2012). But at least two circuit courts of appeal had distinguished that ruling on grounds that it involved continuous, around-the-clock surveillance over an extended period of time. See Hernandez, 647 F.3d at 221; Cuevas-Perez, 640 F.3d at 274-75.

In 2012, well after officers attached the GPS device to defendant's vehicle in this case, the Supreme Court affirmed in part the District of Columbia Circuit ruling in Maynard (now called Jones). See United States v. Jones, 132 S. Ct. 945 (2012). Specifically, the Supreme Court held that installing a GPS device on a subject's vehicle and using the device to monitor the vehicle constitutes a "search" within the meaning of the Fourth Amendment. The Supreme Court, however, did not address whether a warrant is required to perform such a search. See, e.g., United States v. Sparks, 711 F.3d 58, 62 (1st Cir.), cert. denied, 134 S. Ct. 204 (2013); United States v. Katzin, 732 F.3d 187,

-6-

197 (3d Cir. 2013), vacated, No. 12-2548, 2013 WL 7033666 (3d Cir. Dec. 12, 2013); United States v. Aguiar, 737 F.3d 251, 254-55 (2d Cir. 2013). Here, the Court need not decide the issue because, as discussed below, it finds that the good faith exception to the exclusionary rule applies.

**III.     Whether Good Faith Exception To Exclusionary Rule Applies**

Defendant asserts that Judge Waxse erred in finding that the good faith exception to the exclusionary rule applies in this case. In United States v. Leon, 468 U.S. 897, 913 (1984), the Supreme Court created a good faith exception to the usual rule that courts should exclude evidence which was obtained in violation of the Fourth Amendment. Under Leon and its line of cases, the deterrence benefits of exclusion vary depending on the culpability of the law enforcement conduct. See Davis v. United States, 131 S. Ct. 2419, 2427 (2011) (when police conduct search in reasonable reliance on binding precedent exclusionary rule does not apply). When law enforcement exhibits deliberate, reckless or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh its high cost to the judicial system and society at large. Id. (citations omitted). But when law enforcement acts with an objectively reasonable good faith belief that their conduct is lawful, the deterrent value is much lower and exclusion cannot "pay its way." Id. (quoting Leon, 468 U.S. at 908 n.6).

In finding that the good faith exception applies here, Judge Waxse noted that at the time officers attached the GPS device to defendant's vehicle, relying on the Supreme Court decision in Knotts, the majority of federal circuit courts of appeal had found that attaching a GPS device to a vehicle was not a search under the Fourth Amendment and did not require a warrant. Report And Recommendation (Doc. #71) at 6. Although the Tenth Circuit had not decided the issue, Judge Waxse found that it was objectively reasonable for the officers to rely on Knotts and believe that a

-7-

warrant was not required. Id. Judge Waxse further found that in this case, it appears that the police conduct was not a deliberate attempt to ignore the law but rather a good faith effort to comply with the law as it existed at the time. Id. at 6-7.

Defendant asserts that the good faith exception should not apply because the Tenth Circuit had not decided the issue and a split of authority existed among other circuits. In support of his assertion, defendant cites the Third Circuit decision in United States v. Katzin, 732 F.3d 187, 197 (3d Cir. 2013). That opinion has been vacated, however, and the Third Circuit plans to re-hear the case en banc. See 2013 WL 7033666 (3d Cir. Dec. 12, 2013). Upon careful review, the Court agrees with Judge Waxse that the good faith exception should apply in the circumstances of this case. In particular, the Court concurs with the Second Circuit decision in United States v. Aguiar, 737 F.3d 251 (2d Cir. 2013). There, the court found that prior to Davis, where no binding Second Circuit precedent existed, based on the Supreme Court decisions in Knotts and United States v. Karo, 468 U.S. 705 (1984), law enforcement could reasonably conclude that placing a GPS device on the outside of defendant's vehicle did not violate the Fourth Amendment. See Aguiar, 737 F.3d at 261. As Judge Waxse noted, it appears that in this case the officers' actions were not a deliberate attempt to ignore the law, but rather a good faith effort to comply with the law as it existed at the time. Based on this record, the Court overrules defendant's objection to the magistrate judge report and recommendation.

**IT IS THEREFORE ORDERED** that Defendant's Objection To The Report And Recommendation Filed By The Magistrate (Doc. #77) filed January 23, 2014 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that the Court hereby adopts the magistrate judge Report

And Recommendation (Doc. #71) filed January 15, 2014.

**IT IS FURTHER ORDERED** that Defendant's Motion To Suppress Evidence (Doc. #48) filed November 7, 2013 be and hereby is **OVERRULED.**

Dated this 7th day of March, 2014 at Kansas City, Kansas.

s/ Carlos Murguia
CARLOS MURGUIA
United States District Judge